IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

RON ALLEN HUNTERJR.,                          )
                                              )
            Plaintiff                         )       CASE NO. 1:25-CV-00314
                                              )
      vs.                                     )       RICHARD A. LANZILLO
                                              )       Chief United States Magistrate Judge
                                              )
DISTRICT ATTORNEY JUSTINE                     )
MARIE HUNTER, MDJ PAUL                        )       REPORT AND RECOMMENDATION
BIZZARRO,  DISTRICT ATTORNEY                  )
FOR COMMONWEALTH OF                           )       IN RE: ECF NO. 1
PENNSYLVANIA,  ERIE COUNTY                    )
CHIEF OF POLICE / POLICE                      )
STATION, MICHAEL HOLLMAN,                     )
ERIE COUNTY PRISON WARDEN;                    )
DEPUTY WARDEN RON BRYANT,                     )
ERIE POLICE STATION                           )
COMISSIONER,  ERIE COUNTY                     )
PRISON OF CORRECTIONS,                        )
COMMONWEALTH OF                               )
PENNSYLVANIA,  ERIE COUNTY OF                 )
PENNSYLVANIA,  GOVERNOR OF                    )
PENNSYLVANIA,                                 )
                                              )
            Defendants                        )

I.     RECOMMENDATION

      The Undersigned having granted Plaintiff's motion to proceed in forma

pauperis (ECF No. 1), it is respectfully recommended that the Court dismiss his

Complaint without prejudice pursuant to its screening responsibilities under 28

U.S.C. § 1915(e)(2)(B)(ii).

II.    REPORT

      A.     Screening Obligation and Standard under 28 U.S.C. § 1915(e)(2)(B)(ii)

Because the Court has granted Plaintiff Ron Allen Hunter, Jr. in forma pauperis status, his Complaint is subject to the screening procedures of 28 U.S.C. § 1915(e)(2).    Under 28 U.S.C. § 1915(e)(2)(B), district courts must conduct a preliminary review of any pro se complaint filed by a plaintiff who have been granted leave to proceed in forma pauperis in a case that seeks redress against government officials.    The statute further mandates that the court dismiss any action that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.*, at § 1915(e)(2)(B)(i), (ii), (iii).

In determining whether the Complaint should be dismissed for failure to state a claim under § 1915(e)(2)(B)(ii), the Court applies the same standard as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).    The complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).    The Court accepts the complaint's factual allegations as true, draws all reasonable inferences in Plaintiff's favor, and asks only whether the complaint states a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).    Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.    Because Plaintiff proceeds pro se, the Court liberally construes his allegations. *Vogt v. Wetzel*,

2

8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

B.    Factual Allegations and Claims

When this case was initiated, Plaintiff was a pretrial detainee at the Erie County Prison. His Complaint (originally docketed at ECF No. 1-2) names twelve defendants: the Erie County Police Station, the Chief of Police of Erie County, the Erie County Police Station Commissioner, the Commonwealth of Pennsylvania, Erie County, Pennsylvania, the Erie County Prison of Corrections, the Governor of Pennsylvania, the District Attorney of Pennsylvania, Erie County Prison Warden Hollman, Deputy Warden Bryant, Magisterial District Judge Paul Bizzarro, and his sister, Justine Hunter. *Id.* Plaintiff's Complaint attached a handwritten document that he labeled as an "affidavit of probable cause," which the Court has construed as a supplement to the Complaint. *See* ECF No. 1-3.

Plaintiff's Complaint alleges that on July 5, 2025, he was involved in an altercation with his sister at her residence. ECF No. 1-2, p. 5. He states that she scratched his face and he pushed her away but did not harm her. *Id.* He then left and contacted the police. Plaintiff was arrested on July 8, 2025, three days after the incident. *Id.* 1. Plaintiff claims that upon arrest, one of the officers gave his bicycle to a passerby on the street and that he complained that his handcuffs were too tight, but the officers took no action. *Id.*

Plaintiff alleges that when he arrived at the police station, he was not seen by a judge and remained in a holding cell until two other officers transported him. *Id.*

3

As he was leaving the station, one officer dropped Hunter's cell phone, cracking the screen. *Id.* He again complained that the handcuffs were cutting into his skin; the officers again did nothing, leaving him with a scar. *Id.*

Plaintiff asserts that on July 16, 2025, and another unspecified date, Defendant Bizzarro falsely indicated in Plaintiff's criminal proceedings that Plaintiff had been read the charges against him and that video recording at the prison would prove otherwise. *Id.* Plaintiff also claims that he signed no paperwork upon his arrest other than his "property sheet." *Id.*

Based on the foregoing allegations, Plaintiff's Complaint asserts claims for "abuse of process—due process ... equal protection rights of the law, the right of the courts (procedural due process)—false imprisonment—illegal search and seizure ... deliberate indifference—sexist discrimination (bias)—negligence—pain and suffering tort law claim." *Id.*, pp. 2-3. He seeks monetary compensation. *Id.*

C.    Analysis

To state a claim under § 1983, the plaintiff must allege facts to demonstrate that a person acting under color of state law violated a right secured by the Constitution or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The Complaint fails to state a plausible claim against any Defendant.

1.    Personal Involvement

"[A]n individual government defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d

Cir. 2005). Plaintiff alleges no facts specific to Warden Hollman, Deputy Warden Bryant, the Chief of Police, the District Attorney, or the police Commissioner. Claims against those individuals should therefore be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

2.    Claims Against the Commonwealth and Judge Bizzarro

The Commonwealth of Pennsylvania is not subject to suit for damages under § 1983 because it is not a "person" within the meaning of the statute, and it is immune from suit in federal court under the Eleventh Amendment. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."); *Harper v. Jeffries*, 808 F.2d 281, 284 n.4 (3d Cir. 1986); *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981). All claims against the Commonwealth should therefore be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff has also sued Pennsylvania Magisterial District Judge Paul Bizzarro in his official capacity. Judges are entitled to absolute immunity from civil rights claims based on acts taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 Fed. Appx. 87, 90 (3d Cir. 2012); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006). An act is taken in a judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes. *See Figueroa v. Blackburn*, 208 F.3d 435, 443-44

(3d Cir. 2000). Judicial immunity applies even if the challenged actions were legally incorrect, in bad faith, malicious, or the product of a conspiracy. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Dennis v. Sparks*, 449 U.S. 24, 27 (1980).

Plaintiff's claim against Judge Bizzarro arises from statements the Judge made in Plaintiff's criminal proceedings in Magisterial District Court. The Complaint alleges that Judge Bizzarro falsely state that Plaintiff had been informed of the charges against him. ECF No. 1-2, p. 1. Even accepting this allegation as true, the claim is barred by judicial immunity; all of the acts described were taken in the Judge's judicial capacity. *See, e.g., Brigman v. Schaum*, 2021 WL 3836819, at *9 (M.D. Pa. July 27, 2021), *report and recommendation adopted*, 2021 WL 3784295 (M.D. Pa. Aug. 26, 2021). Plaintiff alleges no facts suggesting Judge Bizzarro acted in the complete absence of jurisdiction. *See, e.g., Oran v. Zanelli*, 2026 WL 1284845, at *3 (E.D. Pa. May 11, 2026). The claims against Judge Bizzarro should therefore be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### 3.    Claims Against the County Entities

Plaintiff brings claims against Erie County, the Erie County Police Station, and the Erie County Prison of Corrections (collectively, the "County Entities"). Only "persons" are subject to suit under § 1983. Jails, prison facilities, and police stations are not "persons" for purposes of Section 1983 or even entities generally subject to suit. *See Stasko v. Lebanon Cnty. Corr. Facility*, 2013 WL 1188014, at *4 (M.D. Pa. Mar. 1, 2013), *report and recommendation adopted*, 2013 WL 1188009 (M.D. Pa. Mar.

21, 2013); *Crooks v. Passaic Cnty. Sheriff's Dep't/Jail*, 2007 WL 923330, at \*2 (D.N.J. Mar. 26, 2007). All claims against these facilities should be dismissed.

Under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), a municipality such as a county may be subject to liability under § 1983, but only if the plaintiff demonstrates that the violation of his constitutional rights was committed pursuant to a municipal policy or custom. See Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 583-84 (3d Cir. 2003). Plaintiff alleges no facts to support such policy or custom here. The claims against the County Entities should therefore be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### 4.    Claims Against the Governor of Pennsylvania

Plaintiff also brings claims against the Governor of Pennsylvania in his official capacity. *See* ECF No. 1-2, p. 1. The Governor is entitled to sovereign immunity from § 1983 suits in his official capacity. *See, e.g., Labonte v. Foradora*, 2021 WL 3037708, at \*3 (W.D. Pa. July 19, 2021); *see also Hussein v. New Jersey*, 403 Fed. Appx 712 (3d Cir. 2010). Those claims should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(iii).

### 5.    Official Capacity Claims

Plaintiff brings official capacity claims against the Erie County District Attorney, the Chief of Police of Erie County, Warden Hollman, and Deputy Warden Bryant. ECF No. 1-2, p. 1. He seeks monetary damages for his broken cell phone, his bicycle, a $50,000 award for the scar on his wrist from the handcuff placement, and $3,000 for false imprisonment. *Id.* p. 5. Official capacity claims against county officials are treated as claims against the County of Erie itself. *See Kentucky v.*

7

*Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell*, 436 U.S. 658, 690 n.55 (1978)).

Plaintiff's official capacity claims against the County officials named in this case are subject to dismissal for the same reasons as the claims against Erie County.

      6.      Claims Against Justine Marie Hunter

Plaintiff has named his sister, Justine Marie Hunter, as an individual defendant. *See* ECF No. 1-2, p. 4. Any § 1983 claim against Ms. Hunter should be dismissed because she is not a state actor. *See, e.g., Murphy v. Medlin*, 2025 WL 2751109, at *2 (W.D. Pa. Sept. 26, 2025); *Reese v. Parsons*, 2022 WL 1214728, at *1 (W.D. Pa. Apr. 25, 2022).

## IV.    Conclusion

For the foregoing reasons, it is recommended that the Court dismiss Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2)(B)(ii). The claims against the Commonwealth of Pennsylvania, the Erie County Police Station, the Erie County Prison of Corrections, the Governor of Pennsylvania, the District Attorney, and Judge Paul Bizzarro should be dismissed with prejudice. The official capacity claims against the Chief of Police of Erie County, the Erie County Police Station Commissioner, Warden Hollman, and Deputy Warden Bryant should be dismissed without prejudice. The claims against Justine Marie Hunter, to the extent brought under § 1983, should be dismissed with prejudice.

## V.    NOTICE CONCERNING OBJECTIONS

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72((6)(2), and Local Rule 72(D)(2), the parties are permitted to file written

objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections will waive the right to appeal. *Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011). Any party opposing objections may respond to the objections within 14 days thereafter in accordance with Local Civil Rule 72(D)(2).

DATED this 11th day of June, 2026.

BY THE COURT:

RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE