IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RON ALLEN HUNTER, JR.,<br>Plaintiff, | ) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) | C.A. No. 25-314 Erie<br><br>District Judge Susan Paradise Baxter<br>Chief Magistrate Judge Richard A. Lanzillo |
| v. | | |
| JUSTINE MARIE HUNTER, et al.,<br>Defendants. | | |

## MEMORANDUM ORDER

Plaintiff Ron Alen Hunter, Jr., an inmate incarcerated at the Erie County Prison in Erie, Pennsylvania ("ECP"), initiated this action on October 17, 2025, by filing a motion to proceed *in forma pauperis* ("ifp motion") [ECF No. 1], along with an attached *pro se* civil rights complaint [ECF No. 1-2]. This matter was referred to Chief United States Magistrate Judge Richard A. Lanzillo for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. §636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

Plaintiff's ifp motion was ultimately granted on June 11, 2026, at which time his complaint was docketed [ECF No. 14], along with two supplements to the complaint [ECF Nos. 15, 21]. Named as Defendants in the complaint are the Erie County Police Station, the Chief of Police of Erie County, the Erie County Police Station Commissioner, the Commonwealth of Pennsylvania, Erie County Pennsylvania, the Erie County Prison of Corrections, the Governor of Pennsylvania, the District Attorney of Pennsylvania, Erie County Prison Warden Holman, Deputy Warden Bryant, Magisterial District Judge Paul Bizzarro, and Plaintiff's sister, Justine Marie Hunter.

At the time of filing his complaint, Plaintiff was a pretrial detainee at ECP. Plaintiff alleges that, on July 5, 2025, he was involved in an altercation with Justine Hunter at her residence, and that he was arrested three days later, at which time one of the officers gave his bicycle to a passerby on the street and Plaintiff complained that his handcuffs were too tight, to no avail. (ECF No. 14, at p. 5, Section IV.C-D, Section V). Plaintiff alleges further that when he arrived at the police station, he was not seen by a judge and remained in a holding cell until two other officers transported him. (Id. at p. 4, Section IV.A). Then, as he was escorted from the station, one of the officers dropped his cell phone, cracking the screen, and Plaintiff again complained that his handcuffs were cutting into his skin, but the officers did nothing, leaving him with a scar. (Id.). Finally, Plaintiff alleges that, on July 16, 2025, and another unspecified date, Defendant Bizzarro falsely stated that Plaintiff had been read the charges against him, when he hadn't. Plaintiff also claims that he didn't sign any paperwork upon his arrest other that his "property sheet." (Id.).

Based on the foregoing, Plaintiff asserts claims for "abuse of process – due process … equal protection rights of the law, the right of the courts (procedural due process) – false imprisonment – illegal search and seizure … deliberate indifference – sexist discrimination (bias) – negligence – pain and suffering tort law claim." Id. at p. 3, Section II.B.

On June 12, 2026, Judge Lanzillo issued a report and recommendation ("R&R") recommending that this action be dismissed as legally frivolous for failure to state a claim upon which relief may be granted, in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii). In particular, Judge Lanzillo found that: (1) Plaintiff has failed to allege any facts specific to Defendants Warden Holman, Deputy Warden Bryant, the Chief of Police, the District Attorney, or the Police

Commissioner and, thus, Plaintiff's individual claims against these Defendants should be dismissed with prejudice; (2) the Commonwealth of Pennsylvania is entitled to Eleventh Amendment immunity, and Defendants Erie County, the Erie County Police Station, and the Erie County Prison of Corrections are not "persons" subject to suit under 42 U.S.C. § 1983, and, thus, Plaintiff's claims against these Defendants should be dismissed with prejudice; (3) Defendant Bizzarro is entitled to absolute judicial immunity and Plaintiff's claims against him should be dismissed with prejudice; (4) the Governor of Pennsylvania is entitled to sovereign immunity from Plaintiff's § 1983 claims against him in his official capacity, and such claims should be dismissed with prejudice; (5) Plaintiff's official capacity claims against the Erie County District Attorney, the Chief of Police of Erie County, Warden Holman, and Deputy Warden Bryant should be dismissed without prejudice; and (6) Plaintiff's claims against Justine Hunter should be dismissed with prejudice because she is not a state actor under Section 1983. No timely objections to the R&R have been filed by Plaintiff.

After *de novo* review of the complaint and documents in this case, together with the report and recommendation, the following order is entered:

AND NOW, this 9th day of July, 2026;

IT IS HEREBY ORDERED that the report and recommendation of Chief Magistrate Judge Lanzillo, issued June 12, 2026 [ECF No. 17], is adopted as the opinion of the Court, and this action is DISMISSED as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk is directed to mark this case "CLOSED."

SUSAN PARADISE BAXTER
United States District Judge

cc:      The Honorable Richard A. Lanzillo
           Chief U.S. Magistrate Judge

           all parties of record